FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 AUG 30 A 8: 41

CLERK US ...
ALEXANDRIA, ...

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | CIVIL ACTION NO. 1:11cv915-TSE/TCB |
| Plaintiff, ) | |
| v. ) | **COMPLAINT** |
| RUGO STONE, LLC ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin (Pakistan), religion (Islam), and color (brown), and to provide appropriate relief to Shazad Buksh who was adversely affected by such practices. Specifically, the United States Equal Employment Opportunity Commission (the "Commission" or the "EEOC") alleges that Defendant Rugo Stone, LLC ("Defendant") discriminated against Buksh by subjecting him to a hostile work environment based on his national origin (Pakistan), religion (Islam) and color (brown).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and initiated pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously conducted business in the State of Virginia and the County of Fairfax, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Buksh filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the filing of this lawsuit have been fulfilled.

7. From approximately January 2007 until around January 2009, Defendant engaged in unlawful employment practices at its facility located in Alexandria, Virginia, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically Defendant discriminated against Buksh based on his national origin, religion and color by subjecting him to derogatory comments and conduct based on Buksh's national origin, religion and color that created a hostile work environment. The offensive comments and/or conduct occurred on a daily

or near-daily basis, from approximately January 2007, and continuing until Buksh's employment ended on or about January 9, 2009. The harassment was perpetrated by: Buksh's direct supervisors, who were Defendant's Chief Estimator and Defendant's Shop Foreman; Defendant's Project Manager; and Defendant's owner, as set forth below:

    a.    Buksh's skin color/complexion is brown. Beginning in January of 2007, and continuing throughout his employment (hereafter "the relevant period"), Buksh was subjected to almost daily derogatory comments or conduct by his two direct supervisors (hereinafter "Chief Estimator" and "Shop Foreman") on the basis of his color. The Chief Estimator made remarks to Buksh based on his color such as: "You know the difference between you and a turd? Corn;" and "You should stick corn on yourself and go as a turd on Halloween." Also, the Shop Foreman frequently called Buksh a "turd." On one occasion, the Shop Foreman exited a facility bathroom and placed a cup of feces on Buksh's desk and told Buksh that the feces looked like him; and that "he would rape Buksh's fat brown ass and leave him in a pool of [his] own blood."

    b.    Buksh is from Pakistan. During the relevant period on an almost daily basis, the Chief Estimator and the Shop Foreman would mock Buksh's national origin by calling him a "paki-princess," a term that is derogatory to people of Pakistani descent. Once, the Shop Foreman exited Defendant's restroom with his pants down beating his chest and yelled something like "where is my paki-princess?"

    c.    During the relevant period, the Chief Estimator, the Shop Foreman, Defendant's owner and Defendant's Project Manager frequently made derogatory comments to Buksh that were based on his religion, Islam. For example, one or more

of the men, individually or together with one or more of the others, regularly made demeaning comments about the war in Iraq and said things like: "why do your people hate us so much?;" "why are Muslims so f-cking crazy?;" and "why is your religion so f-cking backwards?" among other things. Additionally, the Chief Estimator, the Shop Foreman and the Project Manager would ask Buksh things like, "how come you Muslims are such monkeys?," while sometimes mocking the walk and sounds of monkeys. On one occasion, Defendant's owner showed Buksh a video on his computer of a man being hanged in Iran and told Buksh how "cool" it was that Buksh's "country and religion does it that way."

d.  Although Buksh asked the harassers to stop making the comments, the harassment did not cease. Also, during the relevant period, Buksh reported the harassment to Defendant's Human Resource Manager ("HR Manager") and to Defendant's owner. Neither the HR Manager nor Defendant's owner did anything to stop the harassment.

8.  The effect of the practices complained of above have been to deprive Buksh of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin ( Pakistan), religion (Islam), and color (brown).

9.  The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Buksh.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants,

employees, attorneys, and all persons in active concert or participation with them, from maintaining a hostile work environment based on national origin, religion or color or any other employment practice that discriminates on the basis of national origin, religion or color.

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Pakistan and Muslim employees and applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Buksh whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.  Order Defendant to make Buksh whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and loss of civil rights, in amounts to be determined at trial.

E.  Order Defendant to pay Buksh punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 30th day of August, 2011.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        TRACY HUDSON SPICER
        Supervisory Trial Attorney
        Washington Field Office
        131 M Street, N.E., Suite 4NW02F
        Washington, D.C. 20507

        LYNETTE A. BARNES
        Regional Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, NC 28202

        /s/ Edward O'Farrell Loughlin
        Edward O'Farrell Loughlin
        Trial Attorney
        Washington Field Office
        131 M Street, N.E., Suite 4NW02F
        Washington, D.C. 20507
        edward.loughlin@eeoc.gov
        Phone: (202) 419-0748
        Fax:   (202) 419-0739
        Virginia State Bar No. 70182

        **ATTORNEYS FOR PLAINTIFF**