

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) RUGO STONE, LLC, ) ) Defendant. ) ) | CIVIL ACTION NO. 1:11-cv-00915<br><br>CONSENT DECREE |

The United States Equal Employment Opportunity Commission (the "EEOC") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The EEOC's complaint alleged that Defendant Rugo Stone, LLC ("Rugo Stone") committed unlawful employment practices in violation of Title VII by subjecting Shazad Buksh to a hostile work environment based on his color (brown), national origin (Pakistan), and religion (Islam). By entering into this Consent Decree, Rugo Stone does not admit the allegations contained in the EEOC's Complaint, nor does the EEOC disavow the allegations contained in the Complaint.

The EEOC and Rugo Stone hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by this entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Rugo Stone shall not discriminate against any person on the basis of color, national origin, or religion, including subjecting employees to a hostile work environment on the basis of any of these categories, or any other protected category within the meaning of Title VII.

2. Rugo Stone shall not discriminate or retaliate against any person because of their opposition to any practice made unlawful under Title VII or because of their filing of a charge, their giving of testimony or assistance, or their participation in any investigation, proceeding, or hearing under Title VII.

3. Rugo Stone shall pay Shazad Buksh the sum of forty thousand dollars ($40,000.00) with an accompanying 1099-MISC form, in settlement of the claims raised in this action. Rugo Stone shall make payment by issuing a check payable to Shazad Buksh. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Rugo Stone shall mail the check to Shazad Buksh at an address provided by the Commission. Within ten (10) days after the check has been sent, Rugo Stone shall provide the Commission with a copy of the check and proof of its delivery to Shazad Buksh.

4. Within ten (10) days of the entry of this decree by the Court, Rugo Stone shall eliminate from the employment records of Shazad Buksh any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 10D-2009-00311 and the related events that occurred thereafter, including the

2

filing and presentation of this lawsuit. Within fifteen (15) days of the entry of this decree by the Court, Rugo Stone shall report compliance with this provision to the EEOC.

5. Rugo Stone has a written anti-harassment policy in place (marked Attachment A and hereby made part of this Decree) that it shall maintain throughout the term of this Decree. Within thirty (30) days of the entry of this Decree by the Court, Rugo Stone shall redistribute said anti-harassment policy to each of its current employees. Within forty-five days (45) days of the entry of this Decree, Rugo Stone shall report compliance to the Commission. During the term of this Decree, Rugo Stone shall distribute the policy to all new employees and review it with them at the time of hire. Should Rugo Stone revise the policy at any point during the term of this Decree, Rugo Stone shall provide the revised policy to the EEOC for approval within thirty (30) days of such revision. If the EEOC has any modifications to the revised policy, it will return said modifications to Rugo Stone within fifteen (15) days of receipt of the revised policy.

6. During the term of this Decree, Rugo Stone shall post a copy of the policy identified in paragraph 5, *supra,* in all of its facilities and work sites in a place where it is visible to all employees. If the policy becomes defaced or unreadable, Rugo Stone shall replace it by posting another copy of the policy. Within forty-five (45) days after entry of this Decree, Rugo Stone will post the policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Rugo Stone shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII and its prohibition against harassment in the workplace, but will have particular emphasis on harassment based on color, national origin, and religion. Each training program shall also include an explanation of Rugo Stone's anti-

3

harassment policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within sixty (60) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Rugo Stone shall provide the Commission with an outline and/or table of contents for the training program. Within ten (10) days after completion of each training program, Rugo Stone shall certify to the Commission the specific training that was undertaken and shall provide the Commission with a roster of all employees in attendance and a copy of the agenda for the training program.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Rugo Stone shall conspicuously post the attached Employee Notice in all of its facilities and work sites, (marked Attachment B and hereby made a part of this Decree), in a place where it is visible to all employees. If a Notice becomes defaced or unreadable, Rugo Stone shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Rugo Stone shall inform the EEOC, in writing, that the Notices have been posted pursuant to this provision.

9. During the term of this Consent Decree, Rugo Stone shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A.    The identities of all individuals who, during the previous six (6) months, have complained about comments or conduct based on color, national origin, or religion under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

    B.    for each individual identified in 9.A. above, provide a brief description of the individual's complaint and explain how Rugo Stone investigated the allegations in the complaint, including but not limited to: (1) who conducted the investigation; (2) the names of anyone interviewed as part of the investigation; and (3) the outcome of the investigation;

    C.    for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

    D.    for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Rugo Stone shall send EEOC a "negative" report indicating no activity.

10.    The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect Rugo Stone's facilities, interview employees, and examine and copy documents, including but not limited to all records required to be kept by the terms of this Decree. In the event the EEOC intends to interview managerial employees, the EEOC will give Rugo Stone 72-hours notice of the intended interviews so that Rugo Stone can, at its option, have legal counsel present for said interviews. Notice under this paragraph shall be given to Rugo Stone via Brett Rugo at info@rugostone.com.

11.    If anytime during the term of this Decree, the EEOC believes that Rugo Stone is in violation of the Decree, the EEOC shall give notice of the alleged violation to Rugo Stone. Rugo Stone shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

12.    The term of this Decree shall be for three (3) years from its entry by the Court.

13. All reports or other documents sent to the EEOC by Rugo Stone pursuant to this Decree shall be sent to: (1) if by mail-Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202; and (2) if by email to the EEOC at-EEOC-CTDO-decree-monitoring@eeoc.gov. All notices sent to Rugo Stone pursuant to this Decree shall be sent to Brett Rugo at info@rugostone.com.

14. Each party shall bear its own costs and attorneys' fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of the three (3) year term without further action by the parties.

The parties jointly request that the Court enter and approve this Consent Decree. *The Clerk is DIRECTED to place this case among the ended matters.*

_____  
DATE

_____  
T.S. Ellis, III  
United States District Judge

This the 6th day of March, 2012

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ  
General Counsel

JAMES L. LEE  
Deputy General Counsel

_____  
T. S. Ellis, III  
United States District Judge

GWENDOLYN YOUNG REAMS  
Associate General Counsel

LYNETTE A. BARNES  
Regional Attorney

TRACY HUDSON SPICER  
Supervisory Trial Attorney

/s/ Edward O'Farrell Loughlin
EDWARD O'FARRELL LOUGHLIN
(VSB No. 70182)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.W., 4th Floor
Washington, D.C. 20507
Telephone: (202) 419-0748
Facsimile: (202) 419-0739
Email: edward.loughlin@eeoc.gov

ATTORNEYS FOR PLAINTIFF


/s/Connie N. Bertram
CONNIE N. BERTRAM
(VSB No. 31713)
COOLEY LLP
777 6th Street, N.W, Suite 1100
Suite 900
Washington, D.C. 20001
Telephone: 202.842.7800
Facsimile    202.842.7899
Email: cbertram@cooley.com

ATTORNEY FOR DEFENDANT

## OUR POLICY AGAINST DISCRIMINATION AND HARASSMENT

It is the policy and practice of the Company to maintain and foster a work environment in which all employees are treated with decency and respect. Accordingly, the Company has adopted a zero-tolerance policy toward discrimination and all forms of unlawful harassment, including but not limited to, sexual harassment. This zero-tolerance policy means that no form of unlawful discriminatory or harassing conduct towards any employee, client, contractor, applicant, volunteer or other person in our workplace will be tolerated. The Company is committed to enforcing its policy at all levels within the Company, and any employee, supervisor, contractor, or volunteer who engages in prohibited discrimination or harassment will be subject to discipline, up to and including immediate discharge from employment for a first offense.

Every employee should be aware that all managers and supervisors are absolutely prohibited from making any decision regarding job assignment or reassignment, performance evaluation, compensation, promotion or demotion, termination or commencement of employment, or any other decision involving any tangible employment action, based in whole or in any part on any person's exposure to, submission to, acquiescence in, or complaint about, sexual harassment or any other form of unlawful harassment or discrimination.

*Conduct Covered by this Policy:*

This policy applies to and prohibits all forms of illegal harassment and discrimination, not only sexual harassment. Accordingly, the Company *absolutely prohibits* harassment or discrimination based on race, color, religion, creed, age, sex, national origin or ancestry, marital status, disability, veteran status, union affiliation, or any other status protected by applicable local, state, and federal law.

Because confusion often arises concerning the meaning of sexual harassment in particular, it deserves special mention. Sexual harassment may take many forms, including the following:

- Offensive and unwelcome sexual invitations, whether or not the employee submits to the invitation, and particularly when a spoken or implied *quid pro quo* for sexual favors is a benefit of employment or continued employment, such as explicitly or implicitly suggesting or requesting sexual favors in return for hiring, compensation, promotion, or retention, or taking adverse action against an employee for refusing a sexual invitation;

- Offensive and unwelcome conduct of a sexual nature, including verbal or written sexually-graphic or obscene comments, jokes, or propositions; offensive comments transmitted by e-mail or another messaging system; sending or displaying offensive or sexually suggestive images or graphics whether physically present in the workplace or accessed over the Internet; or the possession of or use of sexually suggestive objects; and

- Offensive and unwelcome physical contact of a sexual nature, including the touching of another's body; the touching or display of one's own body, or any similar contact.

**ATTACHMENT A**

*Mandatory Reporting Procedures:*

Any Company employee, contractor, applicant or volunteer who believes that she or he has been subjected to or witnessed unlawful harassment or discrimination of any kind has the responsibility to report the harassment or discrimination immediately to her or his supervisor. If the employee, contractor, applicant or volunteer is uncomfortable reporting the harassment or discrimination to her or his immediate supervisor (whether because the supervisor has committed the harassment or discrimination, or for any other reason whatsoever), the employee must report the harassment to the next higher level of management above the immediate supervisor, or, if the employee believes necessary, to the President of the Company.

The Company is committed to taking all reasonable steps to prevent harassment and discrimination, and will make every reasonable effort to promptly and completely address and correct any harassment and discrimination that may occur. However, the Company cannot take prompt and effective remedial action unless each employee assumes the responsibility of reporting any incident of harassment and discrimination immediately to an appropriate supervisory employee.

Every report of harassment and discrimination will be promptly and impartially investigated, with every effort to maintain employee confidentiality. The complainant and the accused will be informed of the results of the investigation. If the Company finds that its policy has been violated, it will take appropriate corrective and remedial action, up to and including discharge.

*Reporting Without Fear of Retaliation:*

No Company employee will be retaliated against for reporting harassment or discrimination in good faith or for participating in good faith in a harassment or discrimination investigation. This no-retaliation policy applies whether a good faith complaint of harassment or discrimination is well founded or ultimately determined to be unfounded.

No Company manager or supervisor is authorized, or permitted, to retaliate or to take any adverse employment action whatsoever against anyone for reporting unlawful harassment, or for opposing any other discriminatory practice in the workplace.

Any employee who feels he or she has been retaliated against in violation of this no-retaliation policy is responsible for reporting the retaliation to management, in the same manner as any other form of harassment or discrimination should be reported.

*Questions About This Policy:*

If you have any questions at all about this policy or about the company's commitment to a workplace free of discrimination and harassment, please speak to your supervisor. If you believe it is inappropriate for any reason to discuss the matter with your supervisor, please bring your questions to the Office Manager or to the President of the Company.

*Computer Messaging and Information Systems:*

Employees are particularly cautioned that the use of e-mail, voice mail, instant messages, text messages, or other electronic messaging systems, or the Internet, may give rise to liability for harassment or discrimination. Employees may not generate, should not receive, and must not forward, any message or graphic that might be taken as offensive based on any protected characteristic. This includes, for example, the generation or forwarding of offensive "humor" (including images) which contain sexually-

offensive terms, or terms which are offensive to any race, religion, national origin group, or other protected group.

Employees receiving offensive messages over the Company's computer equipment, or receiving other unlawfully offensive messages or graphics over the Company's computer equipment, should report those messages to their supervisor or other appropriate manager.

Employees are reminded that the Company's computers and the data generated on, stored in, or transmitted to or from the Company's computers remain the property of the Company for all purposes and the Employee should not have any expectation of privacy when using Company computers, even used on their personal time.  No employee is authorized to use any Company computer, computer system, network, or software for the preparation, transmission, or receipt of sexually offensive messages or graphics, or for other messages or graphics which might be taken as offensive based on any protected characteristic.

Employees are reminded that the Company monitors its computers, computer systems, and networks to, among other things, ensure compliance with this requirement.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 1:11-cv-00915 |
| Plaintiff, | ) ) ) | CONSENT DECREE |
| v. | ) ) | |
| RUGO STONE, LLC, | ) ) | |
| Defendant. | ) ) | |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Rugo Stone, LLC in a case of alleged discrimination based on color, national origin, and religion, in violation of Title VII of the Civil Rights Act of 1964, as amended. Specifically, the EEOC alleged that Rugo Stone, LLC subjected Shazad Buksh to a hostile work environment based on his color (brown), national origin (Pakistan), and religion (Islam). Rugo Stone denied allegations contained in the EEOC's Complaint and the EEOC did not disavow the allegations contained in the Complaint. As part of the settlement, Rugo Stone agreed to post this notice and to take other actions as set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.  Rugo Stone, LLC will comply with such federal law in all respects. Furthermore, Rugo Stone, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NW, 4th Floor
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

This Notice will remain posted for three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____ 2015

ATTACHMENT B